**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **KEENON FARR, # 11852-025,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **Case No. 18-cv-1180-DRH** |
| vs. | ) | |
| | ) | |
| **T.B. WERLICH,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Keenon J. Farr, who is currently incarcerated in the Federal Correctional Institution at Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 claiming that his indictment was defective and his attorney was ineffective during his criminal proceedings. (Doc. 1). This matter is now before the Court for review of the Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. Following careful review of the Petition in the present case, this Court concludes that Petitioner is not entitled to relief, and the Petition must be dismissed.

## Background

Petitioner Farr pleaded guilty to conspiring to distribute crack cocaine, *see* 18 U.S.C. § 2; 21 U.S.C. § 846, and was sentenced in June 2016 to 125 months' imprisonment, No. 15-cr-40055-JPG-4 (S.D. Ill. June 17, 2016). His July 2016 deadline for appealing passed without an appeal. In August 2017, Farr moved under 28 U.S.C. § 2255 to vacate the conviction and sentence. No. 17-cv-872-JPG (S.D. Ill. Oct. 18, 2017). His relevant claims included that his underlying indictment was flawed and that his counsel was ineffective. Noting the one-year statute of limitations under § 2255(f), the district court invited Farr to explain by early September 2017 whether and how it could consider his motion timely. Farr did not respond, and in October 2017, his § 2255 motion was dismissed with prejudice. No. 17-cv-872-JPG.

Farr did not appeal the dismissal. He later sought leave from the Seventh Circuit to file a second § 2255 motion seeking to reassert his challenge to the indictment and his challenges to his attorney's pre-plea performance and post-plea failure to submit a notice of appeal. Citing § 2244(b)(1)'s bar on claims asserted in previous collateral attacks, and the limit on successive collateral attacks under § 2244(b)(2) and 2255(h) to claims based on new and retroactive constitutional rules or new and decisive evidence of innocence, the Seventh Circuit denied Farr's request. No. 17-3472 (7th Cir. Jan. 4, 2018).

## Habeas Petition

Farr has reasserted the same grounds in his petition in the instant case (Doc. 1) that he brought in his original § 2255 action and sought to bring in a

2

successive § 2255 action. In fact, four of the pages in Farr's petition in this action are identical to pages in his original § 2255 petition. *See* (Doc. 1, pp. 10-13); No. 17-cv-872-JPG, Doc. 1, pp. 12-15. Thus, Farr's claims are clearly barred by 28 U.S.C. § 2244(a).

Even if Farr had not already attempted to bring these claims, they are not appropriate for a § 2241 action and would therefore fail regardless. As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to the validity of convictions and sentences, whereas § 2241 applies to challenges to the fact or duration of confinement." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000). A § 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir.2003).

Farr does not attack the duration of his confinement. Instead, he is attacking his conviction claiming that his indictment was defective and his counsel was ineffective. Therefore, § 2241 does not appear to be the appropriate avenue for relief. However, the Seventh Circuit has recognized that it is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under § 2241. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002).

The Seventh Circuit has explained that, in order to fit within the savings clause, a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion and that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).

Farr has not met this standard. Whether or not any other condition is met, Farr does not rely on any cases that were decided after his sentence in June 2016, much less after his § 2255 motion was filed in August 2017. All of his arguments could therefore have been brought, and were brought to some extent, in his § 2255 petition.

### Disposition

Accordingly, the Petition is **DISMISSED** for lack of jurisdiction.

**IT IS SO ORDERED.**

Judge Herndon
2018.06.15 15:31:20
-05'00'

**UNITED STATES DISTRICT JUDGE**